**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ADBIAZIZ MUKTAR SHEK,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-206-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Adbiaziz Muktar Shek's Petition for a Writ of Habeas Corpus, ECF No. 1.

## I. BACKGROUND

Shek is a citizen of Ethiopia who entered the United States on January 1, 2025, on a B1/B2 Tourist Visa, and his entry was valid until June 30, 2025. *Id.* ¶¶ 1–2; Shek Visa, ECF No. 2-1; I-94, ECF No. 2-2. On March 21, 2025, Shek married a U.S. Citizen. Pet. ¶ 3. He has two applications pending with U.S. Citizenship and Immigration Services ("USCIS"): Form I-130 Petition for Alien Relative and Form I-485 Application for Adjustment of Status. *Id.* ¶ 4. In January 2026, Shek was apprehended and detained by Immigration and Customs Enforcement ("ICE") "during at-large operations in Minnesota." *Id.* ¶¶ 7, 63. Shek is now detained at the ERO El Paso Camp East Montana detention facility in El Paso, Texas. *Id.* ¶ 8. On January 27, 2026, an Immigration Judge ("IJ") denied Shek a bond stating he had "[n]o jurisdiction" because a "[Notice to Appear] has not been issued and served on [Shek]." IJ Order, ECF No. 2-6.

Shek now files this Petition arguing that his detention is unlawful and requesting that the Court order his release or a bond hearing. Pet. ¶¶ 9–10, 98–64. He also asks that Respondents be prevented from moving him out of the District. *Id.* at 30.

## II. ANALYSIS

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority

under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Shek the relief he seeks. Respondents are ordered to show cause by February 5, 2026.

## III. CONCLUSION

Accordingly, the Court **ORDERS** that Respondents shall **SHOW CAUSE** by **no later than February 5, 2026**, why the application for a writ of habeas corpus should not be granted.

**IT IS FURTHER ORDERED** that Petitioner may **FILE** a reply by **no later than February 12, 2026**, if he wishes to do so.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Shek from the United States, or (2) transfer Shek to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 29th day of January, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE